# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

09 AUG 14  AM 10: 13

| | |
|---|---|
| Stacey Crowder<br>6236 Able Hill Rd.<br>Shoals, IN 47581<br><br>Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.<br>8875 Aero Dr., Suite 200<br>San Diego, CA 92123<br><br>Defendant. | Case No.:<br><br>Judge:<br><br>**3 : 0 9 -cv- 1 0 6   R LY -WGH**<br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT COLLECTION**<br>**PRACTICES ACT AND OTHER**<br>**EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Stacey incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

7. On or around May 19, 2009, Defendant telephoned Plaintiff.

8. During this communication, Plaintiff informed Defendant that Plaintiff had retained an attorney to file bankruptcy and asked Defendant to contact Plaintiff's attorney rather than call Plaintiff about the debt.

9. During this communication, Defendant falsely represented that Plaintiff had not actually retained an attorney because her bankruptcy petition had not yet been filed with the court.

10. During this communication, Defendant falsely represented that Defendant's bankruptcy attorney could not help Plaintiff anyway because Defendant was preparing to garnish Plaintiff's wages.

11. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

12. At the time of this communication, Defendant had neither the intent nor ability to garnish Plaintiff's wages.

13. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

14. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

15. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

16. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

### COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

### COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

### COUNT FIVE

**Violation of the Fair Debt Collection Practices Act**

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692d in that it spoke to Plaintiff in a harassing, oppressive, and abusive manner in an effort to collect the debt.

### JURY DEMAND

25. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: _____

Timothy J. Sostrin
233 S. Wacker
Sears Tower, Suite 5150
Chicago, IL 60606
Telephone: 1.866.339.1156
tjs@legalhelpers.com
Attorneys for Plaintiff
